Case 10-01136   Filed 11/03/10   Doc 29

2010-01136
FILED
November 03, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003046257

12

MARK L. POPE #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for Plaintiff, August B. Landis,
Acting United States Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>ALAN DAVID GJUROVICH,<br><br>Debtor.<br>_____<br>AUGUST B. LANDIS,<br>Acting United States Trustee,<br><br>Plaintiff,<br>v.<br><br>ALAN DAVID GJUROVICH,<br><br>Defendant.<br>_____ | Case No. 10-14535-A-7K<br>Chapter 7<br><br>UST-001<br><br>A. P. No. 10-01136-A<br><br><br><br>DATE: October 27, 2010<br>TIME: 1:30 P.M.<br>PLACE: U.S. Bankruptcy Court<br>1300 18th St., Suite A<br>Bakersfield, California<br>JUDGE: Whitney Rimel |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
UNITED STATES TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

On October 27, 2010, the Court considered the United States Trustee's Motion for Summary Judgment. Robin Tubesing, Esq. appeared for the United States Trustee. Defendant, Alan David Gjurovich, did not appear. Having reviewed the pleadings and considered the arguments of the parties, the Court now issues the following findings of fact and conclusions of law.

RECEIVED
November 02, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003046257

**Findings of Fact**

1. Prior to November 13, 2008, Star Hills was the owner of property located at 3018 Linden Avenue, Bakersfield, California (the "Linden Property"). She was the only borrower on the note and deed.

2. On November 13, 2008, the Linden Property was sold at a foreclosure sale. At that time, GMAC Mortgage became the legal owner of the Linden Property.

3. On March 16, 2009, a Notice to Quit was issued, indicating that Star Hills was required to vacate the Linden Property within sixty days after service of the notice.

CASE NO. 1:  Star Hills, 09-14472-A-7K

4. On May 15, 2009, Star Hills filed a *pro se* Chapter 11 bankruptcy, case number 09-14472-A-7K, in the Eastern District of California, Fresno Division (at Bakersfield).

5. The case was converted to Chapter 7 on June 1, 2009.

6. On Schedule A, Star Hills listed herself as "owner" of the Linden Property.

7. On June 29, 2009, GMAC Mortgage filed a Motion for Relief From Automatic Stay regarding the Linden Property.

8. The Declaration of Richard S. Sontag in Support of the Motion for Relief From Automatic Stay states that GMAC Mortgage is the legal owner of the property. In support of this, GMAC filed, *inter alia*, a Trustee's Deed Upon Sale dated November 13, 2008 and a Notice to Vacate.

9. On August 24, 2009, the United States Trustee filed a Motion for Dismissal of Case Pursuant to 11 U.S.C. §§ 707 and 521.

10. On September 28, 2009, the United States Trustee's Motion to Dismiss was granted.

CASE NO. 2:  Star Hills, 09-18169-B-7K

11. On August 25, 2009, Star Hills filed a *pro se* Chapter 7 bankruptcy case, case number 09-18169-B-7K, in the Eastern District of California, Fresno Division (at Bakersfield). No Schedules were ever filed in this case.

12. On October 1, 2009, the United States Trust filed a Complaint to (1) Dismiss Chapter 7 Case with Prejudice and (2) Enjoin Debtor From Filing Bankruptcy for Two Years. Adversary case number 09-01235.

13. On October 1, 2009, the case was dismissed for failure to file schedules and other documents. The court retained jurisdiction over the United States Trustee's Complaint.

14. On October 6, 2009, Star Hills purportedly transferred half her alleged interest in the Linden Property to Alan Gjurovich.

15. On December 14, 2009, the United States Trustee moved for default judgment in the adversary proceeding.

16. On February 10, 2010, an order was entered granting the United States Trustee's Motion for Default Judgment. The Judgment included a provision barring Star Hills from filing another bankruptcy for two years.

CASE NO. 3:  Alan Gjurovich, 09-19629-A-7K

17. On October 6, 2009, Alan Gjurovich filed a *pro se* Chapter 7 bankruptcy, case number 09-19629-A-7K, in the Eastern District of California, Fresno Division (at Bakersfield).

18. The Debtor listed the Linden Property on Schedule A.  The Debtor listed his interest in the property as "OWNER OF HALF RIGHTS & INTEREST."

19. On October 6, 2009, the Debtor filed an Application for Waiver of the Chapter 7 Filing Fee, which was granted on October 29, 2009.

20. On October 21, 2009, the Debtor filed Schedules and other related bankruptcy documents.  The Debtor listed no creditors on Schedule D.

21. On December 7, 2009, an Order to Show Cause was issued for failure to appear at the Section 341 First Meeting of Creditors.

22. On January 7, 2010, the case was dismissed on the Court's Order to Show Cause for failure to appear at the Section 341 First Meeting of Creditors.

CASE NO. 4:  Alan Gjurovich, 10-10190-A-7K

23. On January 11, 2010, the Debtor filed a *pro se* Chapter 7 bankruptcy, case number 10-10190-A-7K, in the Eastern District of California, Fresno Division (at Bakersfield).

24. The Debtor listed the Linden Property on Schedule A. The Debtor listed his interest in the property as "OWNER OF HALF RIGHTS & INTEREST."

25. The Debtor is an individual with primarily consumer debts.

26. The Debtor failed to disclose his prior filing in his Voluntary Petition.

27. On January 11, 2010, the Debtor filed an Application for Waiver of the Chapter 7 Filing Fee, which was granted on March 2, 2010.

28. On January 25, 2010, the Debtor filed the Schedules and related bankruptcy documents.  The Debtor listed no creditors on Schedule D.  The Debtor listed GMAC Mortgage on Schedule F, with the notation "October 6, 2009, transfer of 50% of interest in ownership of real property at 3018 Linden Avenue, Bakersfield California (lien).

29. On March 18, 2010, the Debtor filed corrected/amended Schedules A, C, D, and F.

30. On Amended Schedule A the Debtor wrote, "50% (ONE HALF) INTEREST IN REAL PROPERTY AT 3018 LINDEN AVENUE, [BAKERSFIELD, CALIFORNIA, 93305].

31. On Amended Schedule D the Debtor listed GMAC Mortgage, with the notation "113OCT. 6, 2009 QUIT CLAIM DEED 50% TITLE TO REAL PRPTY."

32. On March 22, 2010, GMAC Mortgage filed a Motion for Relief From Automatic Stay.  The initial hearing was scheduled for April 28, 2010.

33. The Declaration of Richard S. Sontag in Support of the Motion for Relief From Automatic Stay states that GMAC Mortgage is the legal owner of the property. In support of this, GMAC filed, *inter alia,* a Trustee's Deed Upon Sale dated November 13, 2008 and a Notice to Vacate.

34. On April 27, 2010, the Debtor filed an objection to the Motion for Relief.

35. On June 7, 2010, the United States Trustee filed a motion to dismiss case pursuant

to 11 U.S.C. § 707(b)(3) for bad faith.

36. On June 28, 2010, GMAC Mortgage's motion for relief from stay was granted.

37. On June 30, 2010, the United States Trustee's motion to dismiss was granted.

CURRENT CASE:  Alan Gjurovich, 10-14535-A-7K

38. On April 27, 2010, the Debtor filed a *pro se* Chapter 7 bankruptcy, case number 10-14535-A-7K, in the Eastern District of California, Fresno Division (at Bakersfield). No schedules were filed with the petition.

39. The Current Case was filed one day before the originally scheduled hearing on GMAC's Motion for Relief from Stay in Case No. 4.

40. On the second page of the Voluntary Petition, under "All Prior Bankruptcy Cases Filed Within Last 8 years," under "Location Where Filed," the Debtor wrote "Fresno California;" under "Case Number," the Debtor wrote "10190;" and under "Date Filed," the Debtor wrote "unknown."  The Debtor did not disclose case number 09-19629-B-7K.

41. On April 27, 2010, the Debtor filed an Application for Waiver of the Chapter 7 Filing Fee, which was granted on April 29, 2010.

42. On May 10, 2010, the Debtor filed Schedules and other related bankruptcy documents.

43. On Schedule A the Debtor wrote, "Home near [3018 Linden Avenue, Bakersfield California 93305]" and lists his interest in the property as "50 % owner of Lawful Title to Home & Land."

44. On Schedule D the Debtor lists GMAC Mortgage. Under "DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN," the Debtor wrote "OCTOBER 6, 2009."

45. No creditors are listed on Schedules E and F.

46. On August 10, 2010, GMAC Mortgage filed a motion requesting relief from the automatic stay.

<u>**Conclusions of Law**</u>

**A. Summary Judgment Standard**

Fed. R. Civ. P. 56(c) provides in part that :

> judgment shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with affidavits, if any, show **there is no genuine issue as to any material fact** and that the moving party is **entitled to judgment as a matter of law**.

Fed. R. Civ. P. 56(c) (emphasis added). There must be no genuine issue as to material facts: "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). The substantive law determines which facts are material. *Id.* at 248. A dispute is "genuine" if a reasonable trier of fact could return a verdict for the non-moving party. *Id.*

**B. Dismissal Pursuant to 11 U.S.C. § 707(b)(3).**

Section 707(b)(3)(A) provides that:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provision of this chapter in a case in which the presumption in subparagraph (A)(I) of such paragraph does not arise or is rebutted, the court shall consider –
>
> (A) whether the debtor filed the petition in bad faith; or
>
> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

"[G]ood faith requires a showing of an honest intention." *In re Marks*, 174 B.R. 37, 40 (Bankr. E.D. Pa. 1994)(citations omitted). The bad faith must be such that it so taints the filing for chapter 7 relief that the debtor is deemed unworthy of receiving any part of that relief. *In re Khan*, 172 B.R. 613, 620 (Bankr. D. Minn. 1993)(citations omitted).

In *In re Mitchell*, the court held that the standards for bad faith dismissal used in Chapter 11 and Chapter 13 cases should be used in determining whether the debtor has acted in

bad faith in Chapter 7, to the extent possible. *In re Mitchell,* 357 B.R. 142, 153-54 (Bankr. C.D. Cal. 2006). By borrowing from the Ninth Circuit's "substantial abuse" test and from the bad faith criteria applicable in Chapter 11 and Chapter 13 cases, the court in *Mitchell* determined that the following non-exclusive factors should be considered in determining whether a chapter 7 case should be dismissed pursuant to Section 707(b)(3):

> (1) whether the debtor has a likelihood of sufficient future income to fund a Chapter 11, 12, or 13 plan which would pay a substantial portion of the unsecured claims;
>
> (2) whether the debtor's petition was filed as a consequence of illness, disability, unemployment, or some other calamity;
>
> (3) whether the schedules suggest the debtor obtained cash advancements and consumer goods on credit exceeding his or her ability to repay them;
>
> (4) whether the debtor's proposed family budget is excessive or extravagant;
>
> (5) whether the debtor's statement of income and expenses is misrepresentative of the debtor's financial condition;
>
> (6) whether the debtor has engaged in eve-of-bankruptcy purchases;
>
> (7) whether the debtor has a history of bankruptcy petition filings and case dismissals;
>
> (8) whether the debtor intended to invoke the automatic stay for improper purposes, such as for the sole objective of defeating state court litigation; and
>
> (9) whether egregious behavior is present.

*In re Mitchell*, 357 B.R. at 155; *see also In re Price,* 353 F.3d 1135, 1139-1140 (9th Cir. 2004), *In re Leavitt,* 171 F.3d 1219, 1224 (9th Cir. 1999), *and In re Marshall*, 298 B.R. 670, 681 (Bankr. C.D. Cal. 2003).

In addition to the factors cited by the *Mitchell* court, the court in *In re Leavitt* indicated that, whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed the petition in an inequitable manner, should also be considered. *In re Leavitt,* 171 F.3d 1219 at 1224. Neither malice nor fraudulent intent by the debtor is required for a finding of bad faith. *In re Mitchell,* 357 B.R. at 154.

In this case, the Debtor has filed three chapter 7 bankruptcies and has failed to fulfill his obligations as a debtor in each one. He has made numerous misstatements in each filing,

including failing to disclose all prior filings and misrepresenting his interest in real estate. He has filed these bankruptcy cases for the sole purpose of hindering and delaying creditors.

**C. Dismissal With Prejudice.**

This Court has authority to dismiss a case with prejudice under Section 349 of the Bankruptcy Code. Section 349(a) provides that:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed, nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. §349(a).

Section 349 of the Bankruptcy Code establishes a general rule that dismissal of a case is without prejudice, but expressly grants a bankruptcy court the authority to dismiss the case with prejudice which "bars further proceedings between the parties and is a complete adjudication of the issues." *In re Leavitt*, 171 F. 3d 1219, 1223-1224 (9th Cir. 1999) citing, *In re Tomlin*, 105 F.3d at 935-937.

The case of a debtor who frequently files bankruptcy petitions may be dismissed with a bar on future filings. *See e.g., In re Armwood*, 175 B.R. 779 (Bankr. N.D. Ga. 1994)(Debtor's fifth chapter 13 petition dismissed with prejudice with 180 day bar on filing); *In re Gros*, 173 B.R. 774 (Bankr. M.D. Fla. 1994) (Debtor's fifth bankruptcy filing in 25 months dismissed with prejudice with bar on future filing without leave of court); *In re Standfield*, 152 B.R. 528, (Bankr. N.D. Ill. 1993)(One of Debtor's two simultaneously pending cases dismissed with prejudice with 180 day bar on filing); *In re Stathatos*, 163 B.R. 83 (N.D. Tex. 1993)(Debtor's fourth bankruptcy case dismissed with prejudice with two year bar on filing); *In re Earl*, 140 B.R. 728 (Bankr. N.D. Ind. 1992) (Debtor's fourth chapter 13 case dismissed with 180 day bar on future filing under §105); *In re Jolly*, 143 B.R. 383 (E.D. Va. 1992), aff'd 45 F.3d 426 (4th Cir. 1994) (Debtor's seventh bankruptcy case dismissed with prejudice with 180 day bar on

filing); *In re Bradley*, 38 B.R. 425 (Bankr. C.D. Cal. 1984)(Debtor's fourth bankruptcy filing in one year dismissed with prejudice and six month bar on filing).

Bad faith is cause for dismissal with prejudice under section 349(a). *In re Leavitt*, F. 3d at 1224; *In re Padilla*, 214 B.R. 496, 498-99 (Bankr. 9th Cir. 1997); *In re Brown*, 88 B.R. 280, 283 (Bankr. D. Hi. 1988) and cases cited therein. Dismissal of this case, while appropriate for the above stated reasons, is inadequate to deter the Defendant from future abuse of the bankruptcy court. Therefore, the Court should dismiss the case with prejudice to the Defendant filing another case within two years.

**D. Injunctive Relief is Appropriate.**

Injunctive relief is available under section 105, which states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

The basic purpose of Section 105 is to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction. Bankruptcy courts, both through their inherent powers as courts, and through the general grant of power in Section 105, are able to police their dockets and afford appropriate relief. *Collier on Bankruptcy* (15th ed. rev. 2002) at 105-5.

Section 105 empowers this Court to enjoin future filings to prevent abuse of the bankruptcy process. *See e.g. In re Casse*, 198 F.3d 327 (2d Cir. 1999); *Colonial Auto Ctr. v. Tomlin (In re Tornlink)* 105 F.3d 933, 940 (4th Cir. 1997); *In re Earl*, 140 B.R. 728, 741 (Banrk..N.D. Ind. 1992); *see generally, In re Leavitt*, 209 B.R. 935 (9th Cir. BAP 1997)(it was proper for the bankruptcy court to prevent further litigation of the same issues by barring indefinitely future abusive filings by Debtor related to existing, dischargeable debt), aff'd on other grounds *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999); *see contra Frieouf v. United States*

*(In re Frieouf)*, 938 F.2d 1099, 1 103 (10th Cir.1991)(construction of § 349(a) precluded the application of § 105(a) to justify a longer prohibition against future filings).

Injunctive relief is available by adversary proceeding. Fed. R. Bankr. P. 7001(7) and 7065. Most courts have applied the traditional test for the issuance of an injunction, which requires a party seeking an injunction to show:

(1) a substantial likelihood of success on the merits;

(2) that the movant will suffer irreparable harm unless an injunction issues;

(3) that the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and

(4) that the injunction would not adversely affect the public interest.

*See* Fed.R.Civ.P. 65; *see also American Imaging Servs., Inc v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 963 F. 2d 855, 858 (6th Cir. 1992)*; Coben v. Apland (In re Golden Plan California)*, 36 B.R. 95 (9th Cir. BAP 1984). A similar test is applied under California state law. California Code of Civil Procedure § 526.

The Defendant's pattern of filing and dismissal strongly indicates he does not intend to use the bankruptcy process the way it was intended. This combined with his associated conduct with Star Hills, his failure to disclose all prior filings, and his material misstatements regarding his ownership interests in real estate indicate bad faith and misuse of the bankruptcy system. Bankruptcy is being used by the Defendant for the sole purpose of delaying creditors. Thus, the Defendant has no legitimate reason to file for bankruptcy relief under the Bankruptcy Code.

The Defendant's bad faith and willful behavior is sufficient to impose a 180-day bar against refiling pursuant to 11U.S.C. § 109(g)(l). However, a 180-day bar against re-filing is not sufficient to protect creditors from the Defendant. Star Hills and the Defendant have filed a total of five bankruptcy petitions within a one-year period. Three of the bankruptcies were filed by the Defendant. Creditors suffer irreparable harm as a result of the Defendant's ongoing actions and omissions. Due to his conduct, creditors are wrongly hindered or delayed from

enforcing their rights.

The United States Trustee, who is statutorily charged with the responsibility pursuant to 28 U.S.C. § 586(a) to supervise the administration of bankruptcy cases, has no adequate remedy at law. The Defendant's actions and omissions hinder the administration of justice. The Defendant will continue to abuse the bankruptcy process unless this Court, under its equitable power, enjoins him from filing another bankruptcy. A reasonable term for the injunction is two years from the date of the dismissal this case.

**E.  The Acting United States Trustee is Entitled to Summary Judgment**.

Service of the Complaint by first class mail to the Defendant's residence. Fed. R. Bankr. P. 7004(b)(1).

The Plaintiff has standing to bring this proceeding under 11 U.S.C. §§ 707(b)(3) and 307. Under 11 U.S.C. § 307, the United States Trustee may arise and be heard on any issue in any case or proceeding under title 11.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157, and 11 U.S.C. §707(b)(3).

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

Venue is appropriate in this Court.  28 U.S.C. § 1409(a).

In this case, there is no genuine issue of material fact and the Acting United States Trustee is entitled to judgment as a matter of law**.** To prevail on his claim for a dismissal of this case with prejudice to the Defendant filing another case within two years, the Acting United States Trustee must show that the Defendant's actions demonstrate bad faith warranting dismissal and that the Acting United States Trustee will suffer irreparable harm unless an injunction issues, that the threatened injury to the Acting United States Trustee outweighs any damage the injunction may cause the Defendant, and that the injunction would not adversely affect the public interest.

The Defendant is using bankruptcy for the sole purpose of delaying creditors. He has no legitimate reason to file for bankruptcy relief under the Bankruptcy Code. Creditors are

wrongly hindered or delayed from enforcing their rights. The Acting United States Trustee has no adequate remedy at law. The Defendant's actions and omissions hinder the administration of justice. The Defendant will continue to abuse the bankruptcy process unless this Court enjoins him from filing another bankruptcy for two years.

## Conclusion

For the foregoing reasons, the Court concludes that the case filed by the Defendant, Alan David Gjurovich, is dismissed and that the Defendant is prohibited from filing any bankruptcy case for two years effective upon the date of this Judgment.

**A separate order granting the United States Trustee's Motion for Summary Judgment shall be entered.**

Dated:

Nov 03, 2010

United States Bankruptcy Judge